BARTON, KLUGMAN & OETTING LLP
Tod V. Beebe, APC (SBN 100265)
Ronald R. St. John (SBN 101397)
350 South Grand Avenue
Suite 2200
Los Angeles, CA 90071-3454
Telephone:   213-621-4000
Facsimile:   213-625-1832
E-mail:      tbeebe@bkolaw.com
             rstjohn@bkolaw.com

Attorneys for Defendant
JPMORGAN BANK CHASE, N.A.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ANTHONY DIXON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JPMORGAN BANK CHASE, N.A. and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No. 2:22-cv-1726<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332(A)(2) [DIVERSITY]**<br><br>*[FILED CONCURRENTLY WITH REQUEST FOR JUDICIAL NOTICE WITH EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL OF ACTION, ETC.]* |

TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

　　　　PLEASE TAKE NOTICE THAT Defendant JPMorgan Chase Bank, N.A. hereby removes this action to the United States District Court for the Central District of California and from the Superior Court for the State of California, for Los Angeles County. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof Defendant JPMorgan Chase Bank, N.A. presents the following:

I. **PROCEDURAL AND VENUE MATTERS.**

On February 14, 2022, Plaintiff Anthony Dixon ("Plaintiff") commenced an action in the Superior Court of the State of California, County of Los Angeles, titled Anthony Dixon vs. JPMorgan Chase Bank, N.A., where it was assigned Case No. 22 VECV 00219 ("State Court Action").

On February 15, 2022, Plaintiff served Defendant JPMorgan Chase Bank, N.A. with process. Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or initial pleading. See 28 U.S.C. §1446(b)(1).

Los Angeles County, California is located within the Central District of California, Western Division. Removal is proper to this Court because the Central District of California, Western Division is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) and 1446(a).

Defendant JPMorgan Chase Bank, N.A. is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the Los Angeles County Superior Court, and will serve a copy of the Notice of Removal on Plaintiff.

Defendant JPMorgan Chase Bank, N.A. is also filing contemporaneously with this Notice, a civil cover sheet that complies with LR 3-1 and a separately signed certificate of interested persons and disclosure statement that complies with Rule 7.1 of the Federal Rules of Civil Procedure.

II. **THE PLEADINGS IN THE STATE COURT ACTION.**

The pleadings filed to date in the State Court Action are identified and described as follows:

a. "Contract Complaint" filed by Plaintiff in the State Court Action on February 14, 2022 (hereinafter "Complaint"). A true and correct copy is attached as Exhibit "1."

b. "Summons" filed by Plaintiff in the State Court Action on February

14, 2022. A true and correct copy is attached as Exhibit "2."

    c. "Civil Case Cover Sheet" filed by Plaintiff in the State Court Action on February 14, 2022. A true and correct copy is attached as Exhibit "3."

    d. "Notice of Case Assignment" filed by the clerk of the Los Angeles Superior Court on February 14, 2022. A true and correct copy is attached as Exhibit "4."

    e. "Notice of Case Management Conference" filed by the clerk of the Los Angeles County Superior Court on February 15, 2022. A true and correct copy is attached as Exhibit "5."

    f. "Proof of Service" filed by Plaintiff in the State Court Action on February 18, 2022 (showing service on February 15, 2022). A true and correct copy is attached as Exhibit "6."

Attached here as Exhibit "7" is a true and correct copy of the Case Access (docket) for the State Court Action, as it existed on March 15, 2022. This document is publicly available from the Los Angeles County Superior Court via its website at

https://www.lacourt.org/casesummary/ui/casesummary.aspx?casetype=civil.

### III. JURISDICTION.

The State Court Action may be removed to this Court under 28 U.S.C. § 1441(a) based on diversity of citizenship. The State Court Action satisfies the complete-diversity requirement of 28 U.S.C. § 1332(a)(1) as between Plaintiff and Defendant JPMorgan Chase Bank, N.A.

### IV. AMOUNT IN CONTROVERSY.

One of the two statutory prongs to determine whether a court has original jurisdiction over a matter within the meaning of 28 U.S.C. § 1332(a)(2) is to ascertain whether the amount in controversy meets and/or exceeds the statutory minimum jurisdictional amount of $75,000.

Applied here, the State Court Action alleges that Plaintiff's loss is

$720,000.00. [Complaint, ¶¶ 10, BC-1, BC-2, BC-4, FR-2(b), Attachment ¶¶ 7, 11-14.] The prayer of the Complaint is for "$720,000.00, interest, attorneys' fees, and Incidental and Consequential Damages; Punitive and Exemplary Damages; Interest." Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs. As such, the Notice of Removal satisfies the statutory amount in controversy.

## V.   COMPLETE DIVERSITY OF CITIZENSHIP.

The second prong to original jurisdiction is that the civil action must involve diverse parties, such as a lawsuit between citizens of different states or subjects of a foreign state. 28 U.S.C. §1332(a)(2). The Plaintiff alleges that he was incarcerated in Los Angeles, California for most of the time since his alleged deposit of funds at Washington Mutual. [Complaint, ¶ BCV-2.] The allegations of the Complaint show that the questioned deposit was made in Tarzana, California. [Attachment to Complaint, ¶ 7.] Counsel for defendant was able to make a public records search for the plaintiff which reveals that he was born in 1983, and had a social security card issued to him in 1983-1984 at a time he was resident of Connecticut. If further shows criminal arrests in Connecticut in 2002 and 2006, with an address in Bridgeport, Connecticut for the period from 2001-2021. It shows an arrest in Los Angeles, California in 2007, which is consistent with the allegations of the Complaint. It shows a current address since April of 2021 in Westminster, California. It shows previous addresses in Los Angeles, California; Highland, California; and Amarillo, Texas. It does not show any connections whatsoever to the State of Ohio. The Plaintiff is either a citizen of California or Connecticut, and is not a citizen of Ohio.

For diversity jurisdiction purposes, a national banking association is a citizen of the state where it has designated its main office. 28 U.S.C.A. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006); *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 708 (9th Cir. 2014). Defendant

JPMorgan Chase Bank, N.A. is a national bank association established and organized under the laws of the United States. Its Articles of Association designates the Bank's main office to be in Columbus, Ohio. See e.g., http://www.sec.gov/Archives/edgar/containers/fix027/1062336/000119312504207055/dex991.htm. A copy of the Articles of Association is attached as Exhibit 8. Defendant JPMorgan Chase Bank, N.A. is therefore a citizen of the state of Ohio, as of the time of the filing of the Complaint, and at the time of the filing of this Notice of Removal.

## VI. UNANIMITY OF THE DEFENDANTS.

Removal is unanimous by the only defendant named in the Complaint. "Doe" defendants are disregarded from any determination of the diversity of citizenship in actions removed from state court. 28 U.S.C. §1441(b)(1).

## VII. CONCLUSION.

Defendant JPMorgan Chase Bank, N.A. has demonstrated facts appearing in pleading admissions and also in publicly available information sources supporting the conclusion that diversity jurisdiction exists here within the meaning of 28 U.S.C. §1332(a)(2). The State Court Action is a case where the amount in controversy exceeds the statutory jurisdictional minimum amount. This is a case involving a national banking association regarded as a citizen of the State of Ohio and an individual presently residing in California with past contacts with Connecticut, and no contacts with Ohio.

WHEREFORE, for all these reasons, Defendant JPMorgan Chase Bank, N.A. respectfully prays that this State Court Action be removed to the United States District Court for the Central District of California. Nothing in this Notice of Removal shall be interpreted as a waiver or a relinquishment of Defendant JPMorgan Chase Bank, N.A.'s right to assert any other defense or any affirmative matter.

5
NOTICE OF REMOVAL
W:\Working\beebe\JPMorgan Chase\Ghorbanian\Word\Pleadings\Notice of Removal.docx

DATED: March 15, 2022   BARTON, KLUGMAN & OETTING LLP

By: */s/ Tod V. Beebe*
 Tod V. Beebe, APC
 Ronald R. St. John
 Attorneys for Defendant
 JPMORGAN BANK CHASE, N.A.