Gene J. Goldsman, Esq. – SBN 76554
Scott King, Esq. – SBN 321218
**LAW OFFICES OF GENE J. GOLDSMAN**
501 Civic Center Drive West
Santa Ana, CA 92701-4001
(714) 541-3333 / FAX (714) 541-0456
ESERVICE@GJGLAW.COM
SKING@GJGLAW.COM

Attorneys for Plaintiff, Anthony Dixon

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ANTHONY DIXON,<br><br>        Plaintiff,<br><br>  vs.<br><br>JPMORGAN BANK CHASE, N.A. and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. 2:22-cv-1726<br><br>**SECOND AMENDED COMPLAINT**<br><br>1. BREACH OF CONTRACT<br><br>2. FRAUD<br><br>3. NEGLIGENCE<br><br>DATE FILED: FEBRUARY 14, 2022<br>TRIAL DATE: NONE SET |

    **COMES NOW**, Plaintiff, ANTHONY DIXON, (hereinafter referred to as "Plaintiff") for causes of action against Defendant, JPMORGAN CHASE BANK, N.A., and DOES 1 to 100, inclusive, (hereinafter referred to as "Defendant" and/or "Chase") including, but not limited to their agents, business, offices, employees, servants, contractors, and any related associated corporations, entities, or agencies, acting within the scope of the suit herein.

## THE PARTIES

1.    Plaintiff Anthony Dixon is an individual residing in Westminster, California.

2.    Defendant JPMorgan Chase Bank, N.A. is a national bank association established and organized under the laws of the United States of America. JPMorgan Chase, N.A. is a corporation incorporated in Ohio, with its principal place of business in Ohio.

## JURISDICTION AND VENUE

3.    This Court has diversity jurisdiction pursuant to 28 U.S.C § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

4.    Venue is proper in this Court pursuant to 28 U.S.C § 1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, and because Plaintiff is a citizen of this judicial district for venue purposes.

## FACTS

5.    Plaintiff opened a Washington Mutual Bank Account in or about 2008 at the 18705 Ventura Blvd., Tarzana, CA 91356 location which is now a Chase Bank location. Approximately one year later, Plaintiff was incarcerated in 2009 and was released on/about September 15, 2021. Plaintiff is informed and believes that Chase acquired certain assets and liabilities from Washington Mutual during the time between the account's creation and Plaintiff being released from prison. During the approximately 13 years Plaintiff was incarcerated, the LAPD lost and/or destroyed Plaintiff's banking records that were booked into evidence after his arrest. The bank card linking to the account in question was also taken as evidence when he was incarcerated in 2009 and lost or destroyed.

**FIRST AMENDED COMPLAINT**

6.    Plaintiff is informed and thereon believes that he had approximately $720,000.00 in funds in the Washington Mutual, now Chase, bank account at the time of his arrest. Chase bank is believed to have converted and/or lost the approximately $720,000.00 in funds and is refusing to account for the funds lost. Chase has denied that Plaintiff was ever an account holder at Washington Mutual or Chase Bank despite a bank card, that was listed on the property records sheet by LAPD in 2009 during his incarceration from 2009 to 2021, numbered 5077190064864453. When Plaintiff contacted Chase bank to attempt to recover his account, he received no assistance.

## FIRST CAUSE OF ACTION

**BREACH OF CONTRACT**

**(*AS AGAINST DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION*)**

7.    Plaintiff realleges all prior and subsequent paragraphs of this complaint by incorporation by reference, as if fully set forth in full herein.

8.    Plaintiff, and Defendant's predecessor, Washington Mutual, which is now Chase, entered into a contract to hold funds of Plaintiff, which was believed to be approximately $720,000.00, on or about 2008. On or about 2008, Plaintiff offered to deposit monetary funds into a bank account with Defendant. In exchange, Defendant, offered to safeguard and provide accessibility to Plaintiff's funds within this bank account. Defendant accepted Plaintiff's offer by depositing Plaintiff's funds into their account created for Plaintiff. On the date of initiation, Plaintiff, was an adult male of legal capacity, and Defendant, was a corporation legally licensed and able to perform business activities and transactions in the state of California. The offers, considerations, acceptance, and terms agreed to within this contract were lawful. Plaintiff fulfilled and performed the expected requirements by executing Defendant's account sign-up process and depositing funds into the agreed account

**FIRST AMENDED COMPLAINT**

specifically for Plaintiff. Therefore, the parties agreed to enter into a contract for Plaintiff to deposit money in a bank account and for Defendant to hold deposited funds in trust for Plaintiff.

9.    Plaintiff was incarcerated in 2009 and was released on or about September 15, 2021.

10.    After his release, Plaintiff attempted to access the $720,000.00 in funds from Washington Mutual, which is now JPMorgan Chase. However, the funds were not accessible, and Chase Bank was unwilling to provide Plaintiff the funds nor agreed to refund the money converted and/or lost by the Bank. This conduct by Defendant constitutes a breach of the contract entered into by Plaintiff and Defendant.

11.    As a result of Defendant's breach, Plaintiff has been harmed in the amount of approximately $720,000, plus interest for the legal amount.

## SECOND CAUSE OF ACTION

### FRAUD

### (*AS AGAINST DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION*)

12.    Plaintiff realleges all prior and subsequent paragraphs of this complaint by incorporation by reference, as if fully set forth in full herein.

13.    Defendant represented that Plaintiff was never an account holder of Washington Mutual, which is now Chase, and further denied the existence of the previously held account. This representation misleads Plaintiff in an effort to avoid paying the funds back to Plaintiff, to either deceive Plaintiff and/or cover-up the conversion of funds.

14.    Plaintiff was an account holder with defendant. Therefore, Defendant's representation is false.

**FIRST AMENDED COMPLAINT**

15.     Defendant is aware of the false representations and had no reasonable ground for believing the representations were true with the intent to defraud and induce Plaintiff. Defendant suppressed and concealed facts to mislead Plaintiff.

16.     These representations were negligent, careless, reckless, and unreasonable in their disregard for the truth. Defendant failed to carry-out its due diligence in ascertaining the association between the parties.

17.     Defendant, at all times herein, before and within this case matter, is a national corporation, who is trusted by millions of Americans to safely secure and hold funds for its account holders. Further, Defendant and Plaintiff entered into a contract; therefore, creating a foundation of trust, implying Plaintiff shall reasonably trust Defendant.

18.     As a result, Plaintiff was, and is harmed, due to Defendant's deprivation and misrepresentation, being the proximate cause of Plaintiff's harm.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

### (*AS AGAINST DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION*)

19.     Plaintiff realleges all prior and subsequent paragraphs of this complaint by incorporation by reference, as if fully set forth in full herein.

20.     Defendant Chase had a reasonable duty of care to account for and protect the funds in its customers' bank accounts, including Plaintiff, and not to convert or misplace its customers', including Plaintiff, monies/funds as they were entrusted as a fiduciary member of the FDIC.

21.     Defendants, and each of the, breached their duty of care when they lost, misplaced, and/or converted the funds in Plaintiff's account. Defendants further breached their duty of care when they failed to investigate Plaintiff's claims and account for the lost or converted funds in good faith. Defendants' service agents,

wrongfully and/or negligently misrepresented that Plaintiff never had an account with Washington Mutual, or its antecedent Chase, when there was evidence that he possessed a Washington Mutual Bank Card, number 5077190064864453.

22.    Plaintiff claims in good faith belief that his bank records ledgers that were in Los Angeles Police Department's possession during his incarceration, were converted, misplaced, or otherwise destroyed. Further, Chase customer service was not willing to engage in a good faith investigation into the lost or converted $720,000.00 in funds. Plaintiff was not shown common decency in being provided any documentation regarding the bank card number he did have in his possession.

23.    Further, Plaintiff exhausted and complied with the necessary steps by filing a claim with the Federal Deposit Insurance Corporation ("FDIC") pursuant to the <u>Financial Institutions Reform, Recovery, and Enforcement Act, 12 USC 1821</u>. Plaintiff believed in good faith that he needed an attorney to gain access to information that was wrongfully denied to him as a previous account holder; therefore, JP Morgan Chase Bank breached its duty of reasonable care owed to Plaintiff.

24.    As result of Defendants negligent, reckless, and outrageous conduct, Plaintiff suffered serious and severe emotional distress because of the economic loss in the amount of approximately $720,000.00.

25.    Defendants' wrongful and tortious acts, omissions and representations alleged throughout this complaint proximately caused, or were a substantial factor, in causing Plaintiff serious and severe emotional distress and financial damages, injury, and other damages, losses, costs, and expenses. Plaintiff has incurred and will continue to incur, financial and related expenses.  The full amount of such expenses is not known to Plaintiff at this time, and Plaintiff will state such amount when the same becomes known to him, at the time of trial, or on proof thereof.

**FIRST AMENDED COMPLAINT**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For special damages in amounts in excess $720,000;

2.  For General damages according to proof;

3. For incidental and consequential damages according to proof;

4. For punitive and exemplary damages according to proof;

5. For interest according to proof.


DATED: September 28, 2022          LAW OFFICE OF GENE J. GOLDSMAN

By:   */S/ Scott N. King*
      Gene J. Goldsman, Esq.
      Scott N. King, Esq.
      Attorneys for Plaintiff,
      Anthony Dixon.

**FIRST AMENDED COMPLAINT**