UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01726-JLS-JEM                          Date: January 04, 2023
Title:  Anthony Dixon v. JPMorgan Chase Bank et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V. R. Vallery. | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                       Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. 22)**

On October 19, 2022, Defendant JPMorgan Chase Bank, N.A.  ("Defendant") filed a Motion to Dismiss Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Mot., Doc. 22.)  The Court finds this matter appropriate for disposition without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for January 20, 2023, at 10:30 a.m. is VACATED.

Plaintiff Anthony Dixon's ("Plaintiff") response was due by December 30, 2022.  *See* C.D. Cal. R. 7-9 (requiring an opposition brief to be filed not later than twenty-one days before the hearing).  The Motion states that Defendant's counsel and Plaintiff's counsel met and conferred regarding the Motion on October 6, 2022.  (Mot. at 2.)  To date, Plaintiff has not filed an opposition.  Local Rule 7-12 provides that "failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  C.D. Cal. R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01726-JLS-JEM                                         Date: January 04, 2023
Title:  Anthony Dixon v. JPMorgan Chase Bank et al

     Before dismissing an action for noncompliance with a local rule, a district court must weigh several factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases . . . [on] their merits; and (5) the availability of less drastic sanctions."  *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The balance of these factors clearly weighs in favor of dismissal.

     The public's interest and the Court's docket benefit from the dismissal of a case where Plaintiff has shown a disinterest in prosecution by failing to respond to a dispositive motion.  Moreover, Plaintiff's delinquency prejudices Defendant to the extent it prevents it from timely extricating itself from the case, thereby causing it to continue incurring attorneys' fees.  *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990) (holding that the expenditure of additional "time and money" because of opposing party's actions may result in prejudice).  Although the Court recognizes both the public policy favoring disposition of cases on the merits and the availability of less drastic measures than dismissal, those factors bear less weight in light of Local Rule 7-12, under which all parties are advised that failing to respond to a motion consents to the Court granting a motion to dismiss without considering the merits.  *See* C.D. Cal. R. 7-12.  Therefore, the Court GRANTS Defendant's Motion to Dismiss.

     Defendant's Motion seeks dismissal under Rule 12(b)(6) for failure to state a claim for breach of contract, fraud, and negligence—all claims that the Court dismissed as inadequately pleaded in the First Amended Complaint in its September 7, 2022 Order.  (Doc. 20.)  Plaintiff's Second Amended Complaint shows the same pleading deficiencies as the First Amended Complaint.  Accordingly, the Complaint is DISMISSED WITH PREJUDICE.

                                                                Initials of Deputy Clerk: vrv